James J. Crisona, J.
In .this action to declare unconstitutional and to permanently enjoin the enforcement of Local Law No. 106 of 1967 of the 'City of New York (Administrative Code of City of New York, §§ 436-6.0-436-6.16; hereinafter referred to as the “ Gun Control Law ”), the plaintiffs move for a temporary injunction. All the defendants cross-move to dismiss the complaint for failure to state a cause of action.
The papers and hriefs submitted by both sides make it clear that the sole issue to be decided is the constitutionality of this statute. Accordingly, the defendants’ cross motion is, in effect, a motion for summary judgment and is so deemed. (Cf. Seagram & Sons v. Hostetter, 45 Misc 2d 956, 961, affd. 23 A D 2d 933, affd. 16 N Y 2d 47, affd. 384 U. S. 35.) As such, the cross motion is granted. Accordingly, plaintiffs’ motion is, for reason of mootness, denied.
The Gun Control Law provides in essence that no person may purchase or possess a rifle or shotgun unless that person has first obtained a permit for that weapon. Under its terms, no person of good moral character and of good repute in the community may be denied a permit unless that person is subject to certain specified disabilities. Persons subject to the enumer *526 ated disabilities include those under the age of 18, convicted felons, mental defectives, habitual drunkards, narcotics addicts and persons to whom the issuance of a permit would not be in the interests of public health, safety or welfare. The statute establishes the ‘ ‘ Firearms Control Board ’ ’ and charges it with the function of issuing permits. An applicant for a permit must submit certain personal data, must state whether or not he suffers from any of the statutory disabilities and must submit to fingerprinting and pay a fee of $3. After an investigation, the board must, within 30 days, issue a permit or notify the applicant of the denial of his application and the reasons therefor. An appeal procedure for aggrieved applicants is provided.
The Gun Control Law also requires that each rifle and shotgun must be registered and that a certificate of registration be issued therefor. Persons in possession of such weapons at the effective date of the law are granted six months within which to register their weapons. At the time of registration, these individuals must also apply for permits. Plaintiffs are owners of rifles or shotguns and must comply with the provisions of the Gun Control Law or be subject to the penalties provided for violation thereof.
Plaintiffs raise virtually every conceivable constitutional objection to the Gun Control Law. They claim that it deprives them of liberty and property without due process; that it violates the Second Amendment of the United States Constitution; that the city lacked power to legislate in this area because the State of New York has pre-empted the entire field of firearms control and that the statute is vague and indefinite, unreasonable and arbitrary. There is, of course, a strong presumption of constitutionality. The burden of demonstrating unconstitutionality rests upon the one asserting it and only as a last unavoidable resort will the courts strike down a legislative enactment as unconstitutional. (Matter of Spielvogel v. Ford, 1 N Y 2d 558, 562, app. dsmd. 352 U. S. 957.) In the court’s view, the plaintiffs have not met their burden.
Prior to the adoption of this statute by the New York City Council, its committee and subcommittee conducted hearings at which the testimony of numerous individuals was taken with respect to the need for this legislation. In its report recommending adoption of this measure, the Committee on City Affairs of the Council stated that there existed an evil in the misuse of rifles and shotguns by criminals and persons not qualified to use these weapons and that the ease with which the weapons could be obtained was of concern to the committee. *527 It further stated that the committee had concluded that in order to meet the problems raised, this legislation should be enacted. The plaintiffs have not asserted any facts to dispute the findings of the Council that a problem exists. Plaintiffs do quarrel with the Council’s conclusion that the Gun Control Law is the proper way to solve the problem.
The test for determining the constitutionality of a statute is to ascertain whether the legislative body had a reasonable basis upon which to act and whether the enactment is reasonably related to some actual manifest evil. (Matter of Spielvogel v. Ford, supra, pp. 562-563.) The question of the wisdom of the legislative enactment is not for the courts to decide. (Grossman v. Baumgartner, 17 N Y 2d 345, 350.) The courts seek only to determine that the relationship between the end sought and the means adopted is ‘' not wholly vain and fanciful, an illusory pretense ”. (Chiropractic Assn. of N. Y. v. Hilleboe, 12 N Y 2d 109, 114.)
In applying this test, the court concludes that the Gun Control Law is reasonably related to an actual manifest evil, as found by the Council, and that the legislation represents a reasonable means for attempting to solve this problem. The Gun Control Law does not by its terms deprive the average citizen of the use and enjoyment of rifles or shotguns. On the contrary, it provides that no person shall be denied a permit unless he falls within the disabilities of the law. Can it be found to be unreasonable that mental defectives, habitual drunkards and convicted felons may be deprived of the opportunity to buy a shotgun? The court thinks not. An appellate court of the State of New Jersey recently adopted the same view of a similar statute. (Burton v. Sills, 99 N. J. Super. 516.) It is true that the average citizen will have to apply for a permit and comply with the application procedures of the law. However, as was stated in a case sustaining the constitutionality of the Sullivan Law (presently Penal Law, art. 265), “ Legislation which has for its object the promotion of the public welfare and safety falls within the scope of the police power and must be submitted to even though it imposes restraints and burdens on the individual.” (People ex rel. Darling v. Warden of City Prison, 154 App. Div. 413, 423.)
The city claims its authority to adopt this law resides in its police power, the power of local governments to adopt laws for the preservation of the health, safety and welfare of their citizens as well as for their protection and the maintenance of order. Such power is granted to the city by article 9 (§ 2, subd. [c], par. [ii], subpar. [10]) of the New York State Con *528 .stitution, Municipal Home Buie Law (§ 10, subd. 1, subd. [ii] ,par. a, subpar. [11]) and General City Law (§ 20, subd. 13). This power is limited only by the requirements that such local laws not be in conflict with the State Constitution nor inconsistent with the general laws of the State. These limitations are recognized by subdivision a of section 27 of the New York City Charter, which empowers the Council to adopt this legislation. Plaintiffs have not demonstrated that the Gun Control Law in any way encroaches upon these limitations.
It is true that where the State has evidenced any desire or design to occupy an entire field to the exclusion of local law, the city is powerless to act. (Wholesale Laundry Bd. of Trade v. City of New York, 17 A D 2d 327, 330, affd. 12 N Y 2d 998.) However, the fact that a local law may deal with some of the same matters covered by State law does not render the local law invalid. (People v. Lewis, 295 N. Y. 42.) Article 265 of the Penal Law, while it touches upon the possession of rifles or shotguns by persons under the age of 16 years, aliens, convicted felons and adjudicated incompetents, does not treat so extensively with the subject of the control of such weapons as to evidence any design or intention by the State to pre-empt the entire field. The sole authority offered by plaintiffs in support of their contention of pre-emption (People v. Klufas, 1 Misc 2d 828, affd. 2 A D 2d 958) does not support that proposition.
Nor does the court find that the standards of the Gun Control Law are so vague and indefinite as to be unconstitutional. A legislative body, in conferring discretion upon an administrative agency, need only set down ‘ ‘ an intelligible principle ’ ’ and standards as detailed ‘' as is reasonably practicable in the light of the complexities of the particular area to be regulated.” (Matter of City of Utica v. Water Pollution Control Bd., 5 N Y 2d 164, 169.) The standards of the Gun Control Law satisfy this requirement. (Cf. Martin v. State Liq. Auth., 43 Misc 2d 682, 688, affd. 15 N Y 2d 707.)
It has been stated that “ courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty is involved and invalidity of the act is apparent on its face ”. (National Psychological Assn. v. University of State of N. Y., 18 Misc 2d 722, 726, affd. 10 A D 2d 688, affd. 8 N Y 2d 197, app. dsmd. 365 U. S. 298.) Plaintiffs not only seek to have this court declare the Gun Control Law unconstitutional without the requisite showing, but urge as a ground that the Gun Control Law violates the Second Amendment to *529 the Constitution of the United States. The short answer to this contention is supplied in plaintiffs’ own brief. As plaintiffs concede, it has been held that the Second Amendment is not a limitation upon the States. (Presser v. Illinois, 116 U. S. 252 [1886].) Further, the United States Supreme Court has declined to hold that the first 10 amendments of the Constitution were all made applicable to the States through the adoption of the Fourteenth Amendment. (Adamson v. California, 332 U. S. 46 [1947].) In the conceded absence of any contrary authority, the court rejects plaintiffs’ claim that the Gun Control Law violates the Second Amendment.
Finally, in a post-argument letter, plaintiffs’ attorney called this court’s attention to the decision in Haynes v. United States (390 U. S. 85), decided by the Supreme Court on January 29, 1968. There, sections 5841 and 5851 of the National Firearms Act (U. S. Code, tit. 26, §§ 5841, 5851) were construed so as to make a proper claim of the constitutional privilege against self incrimination a full defense to prosecution under those sections. In this court’s reading of the Haynes decision, it is inapposite to the statute under consideration here. The registration requirement in Haynes was “directed principally at those persons who have obtained possession of a firearm without complying with the Act’s other requirements, and who therefore are immediately threatened by criminal prosecutions * * *. They are unmistakably persons ‘ inherently suspect of criminal activities.’ ” (p. 96). The City of New York’s Gun Control Law is not aimed at persons inherently suspect of criminal activities. It is regulatory in nature. Accordingly, Haynes does not stand as authority for plaintiffs’ position.
For the foregoing reasons, the defendants are entitled to summary judgment.