**Isaac H. BARKEY, Plaintiff,**

v.

**FIREARMS CONTROL BOARD, City of New York, Defendant.**

**No. 68 Civ. 4256.**

United States District Court
S. D. New York.

Nov. 25, 1968.

Isaac H. Barkey, plaintiff pro se.

J. Lee Rankin, Corp. Counsel, New York City, for defendant, Milton Wein-

berg and David W. Fisher, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiff seeks a preliminary injunction in this suit to enjoin the New York City Firearms Control Board from interfering with his part-time business as an alleged wholesale dealer in rifles. Plaintiff asserts that the Firearms Control Board has prevented a shipment of twenty guns because he did not obtain a permit in compliance with the New York City Gun Control Law, Local Law 106–1967. Plaintiff claims that the Board's action violates his rights under the commerce clause of the United States Constitution, the provisions of the Federal Firearms Act, and Section 436–6.6 of the New York City Gun Control Law, Local Law 106–1967, which specifically excludes wholesale dealers from the operation of the law. There is no diversity of citizenship.

■ Whether plaintiff is a wholesaler or a retailer within the meaning of the New York City Gun Control Law is not a question arising under the constitution or the laws of the United States. We therefore lack jurisdiction to decide that claim, and it is one that is most appropriately decided by the courts of the State of New York.[1]

■ The Federal Firearms Act does not exempt anyone from state law, and the regulations promulgated under that Act, 26 U.S.C. § 5847, specifically indicate that the federal statute does not immunize from state law.[2] Indeed, the very license plaintiff puts forth as evidence of compliance with the federal Act contains a warning that the license does not exempt from state law.[3] Plaintiff does not, therefore, have a claim of denial of any rights under a federal statute. There remains only plaintiff's claim of denial of constitutional rights.

■ The Board's alleged prevention of a shipment of approximately twenty guns to plaintiff because he has not complied with the New York City Gun Control Law is a reasonable regulation of commerce in pursuance of a valid concern of the state and its political subdivisions.[4] There is no allegation that plaintiff cannot receive a fair determination of his classification under the City law by the state courts. Nor is there any allegation that the state courts will unfairly deal with any possible federal issues that might arise. Thus, even if we assume that the case does raise a federal question, it is, nonetheless, dominated by an interpretation and application of a local law, and in properly exercising our equitable discretion, we should abstain from such cases leaving their proper adjudication to the state courts.[5]

Accordingly, plaintiff's motion for a preliminary injunction is in all respects denied.

So ordered.

1. Wright, Federal Courts § 17 (1963).

2. 26 C.F.R. § 177–36 provides in pertinent part:
   "The holder of a * * * [federal license] is not by reason of such license immune from punishment for dealing in firearms or ammunition in violation of the provisions of any State law or other law."
   See also Section 927 of the National Firearms Law, Public Law 90–618, effective December 16, 1968, indicating the congressional intention to not pre-empt state regulation of firearms.

3. The license plaintiff obtained provides in very readable type on its face:
   "WARNING—This license is not a permit to carry a concealed weapon in violation of a State law or other law. It confers no right or privilege to conduct business contrary to State law or other law."

4. The New York state courts have held the New York City Firearms Control Law constitutional, and we would agree with that conclusion: New York Sporting Arms Ass'n v. City of New York, N.Y.L.J., Apr. 10, 1968, p. 2, col. 1, Sup. Ct., N.Y.Co.; Grimm v. City of New York, 56 Misc.2d 525, 289 N.Y.S.2d 358 (Sup.Ct., Queens Co.1968).

5. Alabama Pub. Serv. Comm. v. Southern R.R., Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); Wright, Federal Courts § 52, pp. 172–173 (1963).