## PEOPLE v. McCRAY

ROBBERY—ARMED ROBBERY—ELEMENTS—TAKING IN PRESENCE OF VICTIM.

> The taking from the person or in the presence of the victim required to establish the offense of armed robbery is present upon proof that the property taken was so in the possession or under the control of the victim that violence or putting in fear of violence was needed to sever such possession or control; therefore the offense of armed robbery was established by evidence that defendant tied up the victim and locked her in a bathroom and then took money from a cash register and from the victim's purse, and the trial court's refusal to permit defendant to withdraw his plea of guilty was not an abuse of discretion (CLS 1961, § 750.529).

Appeal from Genesee, John W. Baker, J. Submitted Division 2 March 7, 1969, at Lansing. (Docket No. 6,301.) Decided May 29, 1969.

Willie B. McCray was convicted, on his plea of guilty, of robbery armed. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

46 Am Jur, Robbery §§ 14, 16.
When person from whom property is taken is deemed to have been in possession thereof, as regards offense of robbery.    123 ALR 1099.
21 Am Jur 2d, Criminal Law §§ 503–505.
Right to withdraw plea of guilty.    20 ALR 1445.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Appellate Attorney, and *Earle S. Clark, II,* Assistant Prosecuting Attorney, for the people.

*Robert J. Attaway,* for defendant on appeal.

BEFORE: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

BRONSON, J. On November 11, 1967 defendant, Willie B. McCray, entered a cleaning establishment, followed the attendant into the back room, and at gunpoint there locked her into a bathroom. Defendant then proceeded to take money from the store's cash register and the attendant's purse, which were in the front of the store. Defendant was charged with armed robbery.[1] On April 29, 1968, after hearing the events related by the defendant, the Genesee county circuit court accepted defendant's plea of guilty to armed robbery and deferred sentencing until June 3, 1968. On June 5, 1968 defendant was sentenced to a term of 20 to 40 years in prison. On July 29, 1968 defendant filed a motion in the trial court to withdraw his plea of guilty. The basis of the motion was that the facts testified to at the April 29, 1968 hearing do not support the allegation in the information that the robbery was committed in the "presence"[2] of the victim (attendant), and thus does not meet the statutory requirements for armed robbery. From a denial of that motion, defendant appeals.

Defendant does not deny the facts as adduced but rather claims that as the victim (attendant) was

---

[1] CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).
[2] As required under CLS 1961, § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

locked in the bathroom at the time he actually took the money, she was not present. He admits to having feloniously assaulted the attendant[3] and to larceny.[4] But defendant claims that while he is guilty of having committed those crimes, he is not guilty of armed robbery.

Defendant was assisted by counsel at his hearing. On the record there is ample evidence to warrant accepting a plea to, and finding defendant guilty of, armed robbery.

"Takings have been held to have been in the victim's presence in cases where the victim was forced by the assailant to leave the place where the money was kept and where the victim was locked up by the assailant to prevent him from protecting his nearby property.

"The 'from his person or in his presence' element is established upon proof that the property taken was so in the possession or under the control of the victim that violence or putting in fear of violence was needed to sever such possession or control." *People* v. *Moore* (1968), 13 Mich App 320, 322, 323.

The trial judge did not abuse his discretion in denying defendant's motion to withdraw his plea of guilty.

A'ffirmed.

All concurred.

---

[3] CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277).
[4] CLS 1961, § 750.356 (Stat Ann 1969 Cum Supp § 28.588).