PEOPLE *v.* SCOTT

PEOPLE *v.* PURDY

PEOPLE *v.* LOHN

1. CRIMINAL LAW—WITNESSES—EVIDENCE—ILLEGAL CONFRONTATION
   —IDENTIFICATION—ADMISSIBILITY.

   In-court identifications of defendants by their victim and by
   an eyewitness were admissible where the prosecutor proved
   that the witnesses' in-court identifications were based on
   sources independent of a prior illegal confrontation in jail
   which had clearly violated defendants' due process safeguards.

2. ARREST—PROBABLE CAUSE—RADIO DESCRIPTION.

   A police officer who has received by radio the details of the
   commission of a felony, including a description of the
   perpetrators, has probable cause to arrest persons matching
   that description who are traveling on a possible escape route
   from the scene of the crime within minutes after its com-
   mission (MCLA § 764.15).

3. EVIDENCE—ARTICLES—IMPROPER DISPLAY—PREJUDICE.

   A witness's display of an article not introduced into evidence
   did not prejudice a defendant's right to a fair trial where
   the action of the witness was entirely spontaneous, and was
   in no way caused by the prosecutor, and the trial court's
   instruction to the jury to disregard the display cured any
   error.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 371.
[2] 5 Am Jur 2d, Arrest § 44 *et seq.*
[3] 53 Am Jur, Trial § 836 *et seq.*
[4, 5] 21 Am Jur 2d, Criminal Law § 127.
[6] 5 Am Jur 2d, Appeal and Error § 554 *et seq.*

4. CRIMINAL LAW—CODEFENDANTS—SEPARATE TRIAL—DISCRETION.

Denying a defendant's motion for a separate trial is not an abuse of discretion where the facts of the crime, the witnesses, and the defenses are identical for all codefendants.

5. CRIMINAL LAW—FAIR TRIAL—CODEFENDANTS—PREJUDICE.

Association with codefendants at trial is not enough to demonstrate prejudice to a defendant's right to a fair trial.

6. APPEAL AND ERROR—PRESERVING QUESTION.

The Court of Appeals will not entertain issues raised for the first time on appeal unless a clear injustice is demonstrated.

Appeal from Oakland, Walter P. Cynar, J.  Submitted Division 2 April 15, 1970, at Lansing. (Docket Nos. 7,252, 7,257, 7,357.)  Decided April 30, 1970.

Joseph X. Scott, John Purdy, and Charles R. Lohn were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Robert E. Hader,* for Joseph X. Scott on appeal.

*Nicoletti & McCullough,* for John Purdy on appeal.

*Roland L. Olzark,* for Charles R. Lohn on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and VAN DOMELEN,* JJ.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

PER CURIAM. The three defendants were convicted in Macomb County Circuit Court of the 1968 armed robbery of a bar. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). They raise several issues which we will treat *seriatim.*

The major error that all three rely on is a jail confrontation with the victim and an eyewitness that clearly violated their due process safeguards. *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149); *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199); *People* v. *Hutton* (1970), 21 Mich App 312. When the witnesses' identifications become thus tainted, it is the prosecutor's duty to prove that their in-court identifications were based on sources independent of the illegal confrontation. *People* v. *Young* (1970), 21 Mich App 684. We believe that the prosecutor has made a sufficient showing in this case for us to conclude that the in-court identifications were independently-based.

All three defendants argue that the Macomb County sheriff's deputies did not have probable cause to arrest them. However, when a police officer has been transmitted details of a robbery including a description of the perpetrators, we believe he has probable cause to arrest individuals matching that description traveling on a possible escape route from the scene of the crime minutes thereafter. MCLA § 764.15 (Stat Ann 1954 Rev § 28.874); *People* v. *Wolfe* (1967), 5 Mich App 543; *People* v. *Wilson* (1967), 8 Mich App 651; *People* v. *Beauregard* (1970), 21 Mich App 224.

Defendants Purdy and Lohn assert error by the trial court in admitting into evidence certain exhibits which they allege had not been sufficiently connected with the crime. The record reveals identification substantial enough to allow them to be admitted into

evidence. *People* v. *Crawford* (1969), 16 Mich App 92.

Defendant Purdy claims his right to a fair trial was prejudiced by a witness's display of an article not introduced into evidence. The transcript however, reveals that the action of the witness was entirely spontaneous and in no way caused by the prosecutor. The trial court's instruction to the jury to disregard it cured any error. *People* v. *Wolke* (1968), 10 Mich App 582.

Defendant Lohn argues that the trial court abused its discretion under MCLA §768.5 (Stat Ann 1954 Rev § 28.1028) in not granting his motion for a separate trial. Since the facts of the crime, the witnesses, and the defenses were identical for all three defendants, the trial court did not abuse its discretion in requiring them to stand trial together. *People* v. *Schram* (1966), 378 Mich 145. Association with co-defendants at trial, by itself, is not enough to demonstrate prejudice to defendant's right to a fair trial. People v. Mullane (1931), 256 Mich 54.

The defendants raise additional alleged errors in the conduct of their trial which were not properly preserved for appeal. We will not entertain issues raised for the first time on appeal unless a clear injustice is demonstrated. *People* v. *Ray Clifton Smith* (1969), 20 Mich App 243; *People* v. *Reynold* (1969), 20 Mich App 397; *People* v. *Omell* (1968), 15 Mich App 154; *People* v. *Owens* (1968), 13 Mich App 469.

Affirmed.