PEOPLE *v.* GREEN

1. CRIMINAL LAW—IN-COURT PROCEEDINGS—WARNING OF RIGHTS.
    A warning of rights was not required in an in-court proceeding
    in which the defendant stipulated all facts and certain ele-
    ments of the crime where the defendant was at all times
    represented by able counsel and was fully aware of what he
    was doing (*Miranda* v. *Arizona* [1966], 384 US 436).

2. CRIMINAL LAW—STIPULATIONS—ADVICE OF COUNSEL.
    A defendant in a criminal case, with the advice of counsel, may
    stipulate to facts.

3. CRIMINAL LAW—APPEAL AND ERROR—STIPULATIONS—CONSENT.
    A defendant who, with the advice of counsel, agreed to the
    stipulation of facts, which he does not assert are untrue or
    were involuntarily given, will not be given the opportunity to
    be tried anew simply because the trial strategy employed at
    the first trial did not result in obtaining his desired acquittal.

Appeal from Genesee, Philip C. Elliott, J.  Sub-
mitted Division 2 July 28, 1970, at Grand Rapids.
(Docket No. 7,575.)   Decided August 27, 1970.

Clarence Green was convicted of robbery armed.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,* Chief
Assistant Prosecuting Attorney, for the people.

*Carl Bekofske,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 309 *et seq.*

Before: Holbrook, P. J., and Fitzgerald and T. M. Burns, JJ.

Per Curiam. Clarence Green was jury-convicted of the crime of robbery armed. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). Defendant was sentenced to prison for not less than 12 nor more than 20 years.

The facts, as far as they are important on appeal, are given here. The first witness called by the people was Delores Haley. As one of the victims of the robbery with which defendant was charged, she stated that defendant entered her place of employment (Tom Tom Bar) about 1:30 a.m., July 30, 1968. Defendant ordered a can of Miller's beer. After having been served the beer, defendant pulled a gun on a patron, Mr. Hall, who was playing pool with his wife. Defendant ordered Mr. and Mrs. Hall to drop their pool sticks and to lie on the floor. Defendant asked witness Haley for some tape or electric cord for the purpose of tying up Mr. and Mrs. Hall. Defendant looked through drawers of the bar and did find some black tape. During this time, defendant had the gun pressed against witness Haley's head. Defendant compelled Mrs. Haley to take the black tape and tie up both Mr. and Mrs. Hall.

Next, defendant emptied all the tills of their monetary contents. Then, defendant and Mrs. Haley went to the back of the tavern to the safe. While there, a Mr. Glover appeared. He, too, was robbed of his wallet. After robbing Mr. Glover, defendant compelled him to lie on the floor.

The next event was that defendant took Mrs. Haley's purse and emptied the contents in a bag. Defendant grabbed Mrs. Haley, compelled her to lie on the floor, and taped her up. At the conclusion

of the testimony of witness Haley a recess was called.

It appears that there had been a conference between defendant and his lawyer during the recess and it was decided that defendant would stipulate to all facts and elements of the robbery except the requisite intent to rob. The reason for not stipulating to the required intent was that defendant's defense was to be that of voluntary intoxication. Defendant was then questioned by the court about the comments of his lawyer:

*"The Court:* Mr. Green, will you stand? Have you heard the stipulation made by your attorney?
*"The Defendant:* Yes.
*"The Court:* Are they made with your consent?
*"The Defendant:* Yes.
*"The Court:* And do you admit, then you were at the bar, that you did take the money from Mrs. Haley, and that you were—that you had a hand gun at that time?
*"The Defendant:* Yes."

Also admitted into evidence by stipulation were a glass and a Miller's beer can, containing defendant's fingerprints, and the gun.

Defense counsel subsequently gave his opening statement in which he again reiterated defendant's stipulation regarding all elements of the robbery charged except for the requisite intent, and stated that it was defendant's defense that he could not have entertained the required intent due to his state of voluntary intoxication.

Defendant's counsel, without first having filed post-conviction motions in the trial court, has appealed directly to this Court raising one question for review, *viz.,* whether defendant is entitled to reversal of his conviction because the above recited facts were stipulated by defendant and counsel and

allowed in evidence without the record showing that defendant had been given *Miranda* warnings by the trial court.

*Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974) is not applicable to in-court proceedings. Here defendant was at all times represented by able counsel and was fully aware of what he was doing.

Apparently, defendant after a brief discussion with his attorney, decided to make a certain tactical trial move, namely, the defendant agreed to admit his participation in the alleged crime but denied that he was guilty because he was too intoxicated to form the necessary criminal intent to carry out the crime.

Defendant never confessed his guilt. He voluntarily admitted certain facts which he knew to be true. A defendant with advice of counsel may stipulate to facts. *People* v. *Turrell* (1970), 25 Mich App 646.

Defendant most assuredly agreed with the procedure employed and will not now be given the opportunity to be tried anew simply because the trial strategy employed at the first trial did not result in obtaining his desired acquittal.

Further, defendant does not now assert that the facts stipulated to were untrue or involuntarily given.

The jury found that the defendant was not so intoxicated as to negate the requisite criminal intent to commit the crime. *People* v. *Kelley* (1970), 21 Mich App 612. This being the only issue presented to the jury, we find that no error was committed by the trial court.

Affirmed.