PEOPLE v. CALVIN

APPEAL AND ERROR—PRESERVING QUESTION.
  The Court of Appeals will not entertain issues raised for the first
  time on appeal unless a clear injustice is demonstrated.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 October 29, 1970, at Grand Rapids. (Docket No. 9081.) Decided December 8, 1970.

William Calvin was convicted of indecent exposure. Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Attorney, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Charles T. Burke,* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. On July 21, 1969, defendant was arrested and charged with indecent exposure alleg-

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 652.

edly committed on the front landing of the Detroit main library. He was arraigned on the warrant on July 22, 1969, and was remanded to jail without bond. Upon report from the clinic that he was able to stand trial, bond was set at $7,500 on August 1, 1969. Counsel was appointed to represent him at the trial, but was allowed to withdraw on motion of the defendant. Defendant, appearing *in propria persona,* was tried by jury on December 15, 1969, and was convicted of indecent exposure. On January 9, 1970, he was sentenced to a term of two years probation by Judge Joseph Gillis of the recorder's court.

It is first contended that the statute prohibiting indecent exposure violates the Ninth Amendment of the Constitution of the United States. It is also contended that the statute violates art 4, § 24 of the Michigan Constitution of 1963, which provides that no law should embrace more than one object which shall be expressed in its title. Finally, it is contended that the lower court erred in failing to set bond immediately upon the arraignment on the warrant. The people filed a motion to affirm the conviction.

The defendant-appellant failed to present these questions to the lower court. This Court will not entertain issues raised for the first time on appeal unless a clear injustice is demonstrated. *People* v. *Scott* (1970) 23 Mich App 568. Having reviewed the record and transcript in this cause, this Court concludes that the defendant's conviction was not a miscarriage of justice. Motion to affirm is granted.