PEOPLE *v.* JAMES

CRIMINAL LAW—APPEAL AND ERROR.
> The Court of Appeals will not entertain issues raised for the first time on appeal unless a clear injustice is demonstrated.

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 November 3, 1970, at Detroit. (Docket No. 9608.) Decided December 8, 1970.

Philip Clifton James was convicted, on his plea of guilty, of indecent liberties. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston III,* Chief Appellate Attorney, for the people.

*Warner, Norcross & Judd* (by *Edward Malinzak*), for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 185.

Per Curiam. Defendant was charged with statutory rape contrary to MCLA § 750.520 (Stat Ann 1954 Rev § 28.788). He tendered a plea of guilty to this charge on September 19, 1969, and the plea was subsequently set aside on October 8, 1969, and counsel was appointed to represent the defendant. Thereafter he entered a plea of guilty to the charge of indecent liberties in violation of MCLA § 750.336 (Stat Ann 1954 Rev § 28.568). The plea was accepted by Judge Roman J. Snow of the Kent County Circuit Court on December 3, 1969. The matter was then referred for a presentence report to the probation department which had already commenced compilation of said report.

During a background investigation of appellant by the probation department it was discovered that he had at one time been given certain psychiatric treatment and that he had been examined by a prominent area psychiatrist. It was further discovered that defendant's court-appointed trial counsel had received a letter from the psychiatrist dated September 10, 1969, wherein the psychiatrist expounded upon her evaluation of appellant's condition. On September 23, 1969, the probation department requested from defendant's counsel a copy of the letter. Defendant's counsel promptly complied with the request. The letter was then made part of the presentence report. On December 18, 1969, defendant was sentenced to a term of three to ten years imprisonment.

Appointed appellate counsel raises a single question for review, it is defendant's contention that the psychiatric evaluation contained in the presentence report was outdated and the conclusions reached conflicted with more recent evaluation of the defendant. The people have filed a motion to affirm the conviction and sentence.

Defendant's appeal is grounded on the sole contention that the lower court erred in considering a psychiatric evaluation of the defendant which is alleged to be erroneous and which was voluntarily furnished to the court by defendant through his counsel. At no time did the defendant object to the use of the report in the lower court. This Court has repeatedly stated that it will not entertain issues raised for the first time on appeal unless a clear injustice is demonstrated. *People* v. *Scott* (1970), 23 Mich App 568. Motion to affirm is granted.