PEOPLE *v.* JOHN W. RAGLAND

1. ROBBERY—ELEMENTS OF CRIME—ASPORTATION—MOVEMENT.
   The element of asportation necessary for a robbery conviction
   is established by showing any movement of the stolen goods,
   either by the robber or by an innocent person at the robber's
   direction.

2. ROBBERY—ELEMENTS OF CRIME—ASPORTATION—MOVEMENT.
   The element of asportation was established in defendant's trial
   for armed robbery where the defendant ordered his two vic-
   tims at gunpoint to enter their automobile, to drive to a
   secluded area, to place their money in an empty cigarette
   package, and to hand the package to the defendant, who then
   placed it on the dashboard, because the defendant's placing
   the stolen money in the cigarette package on the dashboard
   constituted asportation.

Appeal from Recorder's Court of Detroit, Ger-
aldine Bledsoe Ford, J. Submitted Division 1 May
4, 1971, at Detroit. (Docket No. 9380.) Decided
June 25, 1971.

John Wesley Ragland was convicted of armed
robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Carolyn Florescu,*
Assistant Prosecuting Attorney, for the people.

*Richard Malcolm Lustig,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 46 Am Jur, Robbery §§ 6, 7.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. Defendant was found guilty of robbery armed[1] and appeals, asserting that the prosecution failed to establish the element of asportation.

The record shows that defendant, at gunpoint, ordered the two complaining witnesses to enter their automobile and drive to a secluded area. Defendant then ordered the complainants to place their money in an empty cigarette package.

One of the complaining witnesses testified that the cigarette package was then handed to the defendant who placed it on the dashboard. At this point the police observed defendant's activities and apprehended him before he could leave the automobile.

The element of asportation is established by any movement of the goods.[2] The movement of the goods may be by the defendant or by an innocent agent at the defendant's direction.[3]

Here there was direct evidence to establish that the defendant himself took the cigarette package and placed it on the dashboard. This movement of the money is sufficient to establish the element of asportation.

The element of asportation would also be established if the cigarette package was placed on the dashboard by one of the complaining witnesses at the defendant's direction. Accordingly, we hold that the movement of the cigarette package to the dashboard, whether by the defendant or at his direction, supplied the necessary asportation.

Affirmed.

---

[1] MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).
[2] See *People* v. *Anderson* (1967), 7 Mich App 513.
[3] See Anno: What amounts to asportation which will support a charge of larceny, 19 ALR 724, 725; 144 ALR 1383, 1384.