PEOPLE *v* CRITTLE

1. CRIMINAL LAW—EVIDENCE—CONFLICTING EVIDENCE—QUESTION OF FACT.

   A direct conflict in evidence presented by the prosecution does not prevent the factual issue involved from being submitted to the jury; such a conflict creates a question of credibility, a question properly within the province of the fact finder.

2. CRIMINAL LAW—EVIDENCE—CONFLICTING EVIDENCE—APPEAL AND ERROR.

   An appellate court will not weigh conflicting evidence on appeal in a criminal case.

3. ROBBERY—SPECIFIC INTENT—DEFENSES—INTOXICATION—QUESTION OF FACT.

   The degree of intoxication necessary to negate the specific intent element in the crime of armed robbery is a question of fact and its determination is a function of the trier of fact (MCLA 750.529).

4. ROBBERY—ARMED ROBBERY—INTENT—INFERENCES.

   The intent element of the crime of armed robbery can be inferred from the defendant's actions (MCLA 750.529).

5. ROBBERY—ARMED ROBBERY—ASPORTATION—EVIDENCE.

   The asportation element of the crime of armed robbery is sufficiently established by evidence of any movement of the goods (MCLA 750.529).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence §§ 1082, 1124.
[2] 5 Am Jur 2d, Appeal and Error § 834.
[3] 46 Am Jur, Robbery §§ 38, 46, 57.
[4] 46 Am Jur, Robbery § 11.
[5] 46 Am Jur, Robbery §§ 6, 7.
[6] 46 Am Jur, Robbery § 7.
    When person from whom property is taken is deemed to have been in possession thereof, as regards offense of robbery, 123 ALR 1099.

6. Robbery—Armed Robbery—Victim's Presence—Evidence.
   The "from his person or in his presence" element of the crime
   of armed robbery is sufficiently established upon proof that the
   property taken was so in the possession or under the control
   of the victim that violence or the putting in fear of violence
   was needed to sever possession or control (MCLA 750.529).

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 December 7, 1971, at Grand Rapids. (Docket No. 10045.) Decided January 24, 1972. Leave to appeal granted, 387 Mich 796.

Samuel Crittle was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Ronald R. Moses,* Assistant Prosecuting Attorney, for the people.

*James J. Mollison,* for defendant on appeal.

Before: R. B. Burns, P. J., and Fitzgerald and V. J. Brennan, JJ.

Per Curiam. Samuel Crittle was convicted of robbery armed by a jury in Berrien County. MCLA 750.529; MSA 28.797.

The victim of the alleged offense testified that on April 7, 1970, defendant entered the grocery store where she worked. He produced a toy handgun and stated, "This is a hold-up". She gave him the folding money from the register which he took and fanned out on the counter. He had a mask, but didn't put it over his face because she already knew who he was, and for this reason he stated he should shoot her.

She said, "Please don't shoot me". He stood there for a minute, gave the money back to her and said it was an April fool's joke. Thereafter, he ordered and paid for one bottle of beer and left.

Defendant was arrested, adjudged guilty, and his motion for a new trial was denied. From this denial, defendant appeals.

In the motion for a new trial, and on appeal, defendant claims reversible error in jury instructions. There was no objection to the court's jury charge. GCR 1963, 516.2 controls and requires that counsel object to alleged errors before the jury retires if he expects to rely upon such alleged errors on appeal. The no objection-no review rule applies unless there is a miscarriage of justice. *People* v. *Fry* (1970), 27 Mich App 169; *People* v. *Turner* (1971), 31 Mich App 44.

Two new issues are briefed on appeal. One concerns an alleged constitutional right violation and the second concerns an alleged prejudicial remark by the trial judge. This Court will not entertain issues raised for the first time on appeal unless a clear injustice has been demonstrated. *People* v. *Scott* (1970), 23 Mich App 568; *People* v. *Calvin* (1970), 28 Mich App 568.

The record discloses no miscarriage of justice.

Defendant contends:

1. Because the testimony of police officers was in direct conflict, there was a lack of general credibility and weight, amounting to reversible error.

2. The specific intent required in armed robbery was negated by defendant's intoxicated condition, referred to by witnesses for the prosecution.

3. The necessary "taking" required by law was not committed by defendant.

Conflicting testimony was presented and it was properly left to the jury to resolve the conflict. *Peo-*

*ple* v. *Blackwell* (1969), 17 Mich App 377; *People* v. *Clark* (1971), 34 Mich App 70.

We do not weigh conflicting evidence on appeal in a criminal case. *People* v. *Hogan* (1967), 9 Mich App 78.

The degree of intoxication is a question of fact and its determination is a function of the jury. *People* v. *Kelley* (1970), 21 Mich App 612; *People* v. *Green* (1970), 26 Mich App 329. The required criminal intent can be inferred from defendant's actions. *People* v. *Gill* (1967), 8 Mich App 89, 93; *People* v. *Gilliam* (1970), 27 Mich App 314, 317.

The jury listened to the witnesses and after court instruction found the defendant was not so intoxicated as to negate the requisite criminal intent to commit the crime. We are not persuaded to rule otherwise.

The element of asportation in a charge such as this is established by any movement of the goods. *People* v. *Anderson* (1967), 7 Mich App 513; *People* v. *John W. Ragland* (1971), 34 Mich App 624.

The "from his person or in his presence" element is established upon proof that the property was so in the possession or under the control of the victim that violence or putting in fear of violence was needed to sever such possession or control. *People* v. *Moore* (1968), 13 Mich App 320, 323; *People* v. *McCray* (1969), 17 Mich App 596, 598.

Application of these principles to the instant case supports a finding that an intended armed robbery occurred. We conclude that there was sufficient evidence, if believed by the jury, to justify a finding of guilt beyond a reasonable doubt.

Affirmed.