PEOPLE v KNIGHT

ARREST—PROBABLE CAUSE—RADIO DESCRIPTION.
> A police officer who has received the details of the commission of a felony, including a description of the perpetrators, has probable cause to arrest persons matching that description who are traveling on a possible escape route from the scene of the crime shortly after its commission.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 April 6, 1972, at Detroit. (Docket No. 11615.) Decided June 1, 1972.

Johnny Knight was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant on appeal.

Before: LEVIN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant appeals as of right from his jury conviction and sentence of five to ten

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Arrest §§ 44–49.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

years for robbery armed. MCLA 750.529; MSA 28.797.

The trial court did not abuse its discretion in denying the motion for a new trial made on the ground that the verdict was contrary to the great weight of the evidence. The defendant argues that the description given by witness Fennoy—that is, wearing bluish or greyish work clothes—did not match the person identified by Fennoy at the showup who, concededly, was wearing forest green pants and a navy-blue jacket. Fennoy said, however, that his identification was not based on the clothing. The jury also heard evidence that the defendant had been apprehended while running within a few blocks of the scene of the crime a short time after the crime was committed. The defendant's explanation for running was before the jury. It was for the jury to resolve the factual dispute.

The defendant next contends that his arrest was made upon mere suspicion since the police broadcast merely said to be on the lookout for tall Negro males in the vicinity of the armed robbery. The defendant was seen shortly after the robbery only two to three blocks away. He was a Negro and of the same general height as the assailants. He was seen running with another man, who also matched the description, in the early hours of the morning across streets and between houses without apparent reason.

A police officer who has received by radio the details of the commission of a felony, including a description of the perpetrators, has probable cause to arrest persons matching that description who are traveling on a possible escape route from the scene of the crime shortly after its commission. *People v Scott,* 23 Mich App 568, 570 (1970). The

defendant's arrest was not illegal, and the testimony concerning the subsequent identification at the showup was properly admitted.

Affirmed.