CITY OF DETROIT v JUDGE, RECORDER'S COURT, TRAFFIC
AND ORDINANCE DIVISION

1. Courts—Superintending Control—Statutes—Ordinances—
   Gun Control.

   Superintending control is an appropriate proceeding to raise the
   issue of a city's authority to enact a gun control ordinance in
   light of state statutes which deal with the same subject matter.

2. Statutes—States—Preemption—Ordinances—Conflicts.

   If the state has by legislation preempted a field, then a local
   ordinance dealing with the same subject is void even if it does
   not conflict with the state statutes, but if the state has not
   preempted the field and if some provision of the ordinance was
   in conflict with the statutes, then the balance of the ordinance
   may be valid.

3. Weapons—States—Statutes—Municipalities—Gun Control—
   Ordinances—Conflict.

   A local gun control ordinance does not conflict with the state gun
   control statute where it has not been demonstrated that the
   application of the local ordinance in a given situation would in
   any way interfere with the orderly application of the state
   statutes in other situations.

4. Weapons—States—Statutes—Gun Control—Preemption.

   The state has not pre-empted the field of firearms control (MCLA
   750.2312).

Appeal from Wayne, Roland L. Olzark, J. Sub-
mitted Division 1 June 27, 1974, at Detroit.
(Docket No. 17050.) Decided October 21, 1974.

Complaint by the City of Detroit against Wil-

References for Points in Headnotes

[1-4] 56 Am Jur, Weapons and Firearms § 1 et seq.
16 Am Jur 2d, Constitutional Law §§ 204-209.
56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
cal Subdivisions §§ 374-377.

liam Hague, Judge of the Traffic and Ordinance Division of the Recorder's Court for the City of Detroit, for an order of superintending control. Order issued. Defendant appeals. Affirmed.

*Elliott S. Hall,* Acting Corporation Counsel, and *Maureen P. Reilly* and *John E. Cross,* Assistants Corporation Counsel, for plaintiff.

*David E. Eason,* for defendant.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

CHURCHILL, J. Eddie Roberts, who is not a party to this action, was charged with a violation of Section 66-4-2 of the Detroit Municipal Code which reads as follows:

"It shall be unlawful for any person to transport or to have in possession in or upon any vehicle a firearm unless the same is unloaded in both barrel and magazine and carried in the luggage compartment of the vehicle. It shall be unlawful to carry a firearm on any public street or in any public place unless it is unloaded and in a case."

On July 12, 1972, Honorable William Hague, Judge of the Traffic & Ordinance Division of the Recorder's Court for the City of Detroit heard the proofs and found the defendant not guilty. His decision to acquit Roberts was not based upon the evidence. Instead, Judge Hague said that the City of Detroit was without authority to enact a gun control ordinance because the gun control field had been preempted by the State Legislature. He said:

---
* Circuit judge, sitting on the Court of Appeals by assignment.

" * * * The State of Michigan has enacted extensive and comprehensive legislation dealing with firearms. It includes statutes which cover the licensing of, the purchasing, carrying or transportation of a pistol, safety inspection and registration of pistols, carrying a concealed weapon, carrying firearms with unlawful intent, the sale of firearms and still other statutes covering the discharge of a firearm without malice, injury of a person by the discharge of a firearm without malice, the possession and use of firearms by a person under the influence of liquor or drugs, discharging firearms and injuring persons, and the reckless use of firearms. All of these acts are covered by state statute.

"The broad scope of these statutes in my opinion manifest the state legislature's intent to occupy the field of firearms legislation and appear to be reasonable."[1]

Claiming that the other judges on the same court are treating the ordinance as valid, the City of Detroit filed a complaint for an order of superintending control against Judge Hague.

The Honorable Roland L. Olzark, Wayne County Circuit Judge, filed a written opinion, citing authorities, several of which will be cited herein, and concluded that the state had not preempted the gun control field and that Section 66-4-2 is valid. An order of superintending control was issued. It is from this order that Judge Hague appeals.

While appellant originally challenged the propriety of superintending control as an appropriate proceeding to raise the issue, he ultimately withdrew this objection and now concedes that the procedure followed was appropriate and jurisdictionally proper. We agree. *People v Gebarowski,* 47

---

[1] The state firearms control statute, MCLA 750.231a; MSA 28.428(1), was amended by 1974 PA 55, effective immediately, March 29, 1974, signed by the Governor April 1, 1974. 1974 Michigan Legislative Service Supplement (West), No. 2, pp 131–132. As the amendment was not effective until after this appeal was filed, we do not consider its effect. See cases cited in footnote 2.

Mich App 379; 209 NW2d 543 (1973), *lv den,* 390 Mich 785.

Several other issues were raised for the first time on appeal. One such issue to which much scholastic effort was devoted in the appellate briefs and arguments involves the validity of certain mandatory sentencing provisions in the ordinance. Section 66-5-1. The record does not indicate that either Judge Hague or Judge Olzark dealt with these issues, nor do we, such issues being raised for the first time on appeal.[2]

Closely akin to the preemption doctrine, but different, is the rule or doctrine that an ordinance or provision of an ordinance which is in direct conflict with a statute is void. This distinction was recognized in *Miller v Fabius Township Board,* 366 Mich 250, 258; 114 NW2d 205, 208–209 (1962), in the following language:

"In *City of Howell v Kaal, supra* [341 Mich 585; 67 NW2d 704 (1954)], this Court held that an ordinance may not invade a field completely occupied by statute but may enter an area not preempted by the State act, and further held that what the State law *expressly* permits an ordinance may not prohibit." (Emphasis in original).

Counsel devoted some effort in their brief and argument to the proposition that the provisions of Section 66-4-2 were or were not in conflict with specific provisions of state statutes.

If the state has *preempted* the field then the ordinance is void even if it is not in conflict with state statutes, and it would be void even if the ordinance followed the exact language of the state statutes in defining prohibited conduct. If the state

---

[2] *People v Scott,* 23 Mich App 568; 179 NW2d 255 (1970); *People v Calvin,* 28 Mich App 568; 184 NW2d 553 (1970).

has not preempted the field and if some provision of the ordinance was in *conflict* with the state statutes then, perhaps, the balance of the ordinance would be valid. *Ritter v City of Pontiac,* 276 Mich 416; 267 NW 641 (1936), *Detroit v Sanchez,* 18 Mich App 399; 171 NW2d 452 (1969).

It does not appear to us that Section 66-4-2 prohibits anything which the state law expressly allows.

In their final analyses, the judges below based their decisions upon the application or non-application of the doctrine of preemption alone, and not on the language of Section 66-4-2. For these reasons we deal with the preemption issue as the primary issue on appeal.

The leading preemption cases are cited in *Miller v Fabius Township Board, supra,* and in *Walsh v River Rouge,* 385 Mich 623; 189 NW2d 318 (1971). They contain few satisfactory guidelines in the application of the preemption doctrine in a given situation.

The most logical guideline we find in all of the cases appears in *Walsh, supra,* wherein the Supreme Court at p 639 said:

"Michael H. Feiler, in an article entitled, *Conflict Between State and Local Enactments—The Doctrine of Implied Preemption,* appearing in 2 Urban Lawyer 398 (1970), makes this observation (pp 404, 405):

" 'Preemption occurs where there is a conflict between the legislative intent to regulate an area and the very act of local legislation in conflict with this legislative intent.

\* \* \*

" 'The question is properly whether the scheme can work effectively in the face of local intervention.' "[3]

---

[3] *See, also, Note, Conflicts Between State Statutes and Municipal Ordinances,* 72 Harvard Law Review 737, 744–747 (1959).

Can the state's firearms control scheme work effectively in the face of local intervention?

In *Walsh,* the Supreme Court went to great lengths to explain the conflicting policy considerations and to demonstrate why unified state action is necessary in dealing with impending public crisis or disaster.

The problems that the City of Detroit is attempting to deal with by adoption of a firearms control ordinance normally involve only a few people at a time. It has not been demonstrated that the application of a city gun control ordinance in a given situation would in any way interfere with the orderly application of state gun control statutes in other situations.

While we are not bound by appellate court decisions of other states, we do respect them and we note that when confronted with similar preemption challenges, firearms control ordinances in New York City and the City of Chicago were upheld. *Grimm v City of New York,* 56 Misc 2d 525; 289 NYS2d 358 (1968); and *Biffer v Chicago,* 278 Ill 562, 569–570; 116 NE 182, 185 (1917). The *Biffer* court stated:

"[L]arge and compact aggregations of people necessarily give rise to peculiar conditions and create peculiar wants, and which, * * * are not common to rural populations and to the state at large. Special provisions are therefore necessary for the health, safety, convenience, and good government of populous communities crowded within a narrow space, and these must be supplied."

We agree.[4]

We therefore conclude that the State of Michigan has not preempted firearms control. The cir-

[4] *See, also, People v Hanrahan,* 75 Mich 611, 616; 42 NW 1124, 1126; 4 LRA 751, 753–754 (1889).

cuit court order of superintending control is affirmed.

No costs.

All concurred.