CITY OF DETROIT v JUDGE, RECORDER'S COURT, TRAFFIC
AND ORDINANCE DIVISION

1. STATES—MUNICIPAL CORPORATIONS—LEGISLATURE—MUNICIPAL LEG-
ISLATURES—PENALTIES—POWERS.

The power to fix minimum and maximum penalties is in the
Legislature; there is no logical reason for differentiating be-
tween state and municipal legislatures.

2. MUNICIPAL CORPORATIONS—ORDINANCES—PENALTIES—MANDATORY
MINIMUM PENALTIES—STATUTES.

A home-rule city has statutory authority to provide a mandatory
minimum penalty for the violation of its ordinances but such
statute provides that no punishment shall exceed a fine of $500
or imprisonment for 90 days, or both, in the discretion of the
court (MCLA 117.4i[10]; MSA 5.2082[10]).

3. WEAPONS—STATES—GUN CONTROL—PREEMPTION—STATUTES.

The state has not preempted the field of firearms control by a
recent amendment to its statute on the subject (MCLA
750.231a; MSA 28.428[1]).

Appeal from Wayne, Roland L. Olzark, J. Sub-
mitted April 12, 1976, at Detroit. (Docket No.
26490.) Decided September 28, 1976.

Complaint by the City of Detroit against Wil-
liam C. Hague, Judge of the Traffic and Ordinance
Division of the Recorder's Court for the City of
Detroit, for an order of superintending control.
Order issued. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur 2d, Forfeitures and Penalties § 63.
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 414.
[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 374 et seq.

*Kermit G. Bailer,* Corporation Counsel, and *Maureen P. Reilly* and *John E. Cross,* Assistants Corporation Counsel, for plaintiff.

*Alphonso R. Harper,* for defendant.

Before: BASHARA, P. J., and R. B. BURNS and QUINN, JJ.

QUINN, J. This appeal is the sequel to *Detroit v Judge, Recorder's Court, Traffic and Ordinance Division,* 56 Mich App 224; 223 NW2d 722 (1974). That decision is incorporated herein by reference for background and factual information.

Defendant again appeals from the grant of writ of superintending control which directed him to enforce sections 66-4-2 and 66-5-1 of Detroit's municipal code. The sections referred to constitute part of Detroit's gun control ordinance. The two sections read:

"Sec. 66-4-2: It shall be unlawful for any person to transport or to have in possession in or upon any vehicle a firearm unless the same is unloaded in both barrel and magazine and carried in the luggage compartment of the vehicle. It shall be unlawful to carry a firearm on any public street or in any public place unless it is unloaded and in a case.

"Sec. 66-5-1: Upon conviction for a violation of any section of this chapter where a firearm or pistol is involved, the violator shall be sentenced to a minimum fine of $400, and if said firearm or pistol is loaded at the time of the violation, he shall be sentenced to a term of imprisonment in the Detroit House of Correction."

On appeal, defendant contends that Detroit lacks constitutional and statutory authority to enact a penal ordinance which imposes mandatory minimum penalties for violation of that ordinance.

On the basis of 1974 PA 55 (MCLA 750.231a; MSA 28.428[1]) which amended the state gun control law, defendant again asserts that the state has preempted the field of gun control legislation.

As to the last argument, we find nothing in the 1974 amendment which alters our decision in the first appeal, found at 56 Mich App 224, that the preemption doctrine is inapplicable. That amendment merely added to exceptions from the statute and changed the format of MCLA 750.231a.

Detroit is a home rule city. By MCLA 117.4i(10); MSA 5.2082(10), it is authorized to provide, "for the punishment of those who violate its laws or ordinances, but no punishment shall exceed a fine of $500 or imprisonment for 90 days, or both, *in the discretion of the court".* (Emphasis added.) From this language defendant argues, "that it was the intention of the Legislature to restrict the authority of cities to impose penal sanctions by the inclusion of this provision is too obvious to require any argument. Beyond that, it seems equally clear that the discretion with regard to minimum punishment was intended by the Legislature to be left with the court". Defendant's first conclusion that this language restricts the authority of cities to impose penal sanctions is correct. The language relied on does not support his second conclusion, "that the discretion with regard to minimum punishment was intended by the Legislature to be left with the court". We read that language to mean that penal sanctions imposed by cities cannot exceed a fine of $500 or 90 days imprisonment, or both, and that the court may sentence a violator to a fine, imprisonment, or both within those limits. We do not read the language as imposing a restriction on a city's authority to provide for a mandatory minimum penalty for violation of its ordi-

nances. Such a reading would be contrary to existing law, *People v Smith,* 94 Mich 644, 646; 54 NW 487 (1893). The power to fix minimum and maximum penalties is in the Legislature, and we find no logical reason for differentiating between state and municipal legislatures.

Finally, defendant's arguments that the ordinance violates the constitutional rights to bear arms and to equal protection of the law are not supported by authority and they are totally unpersuasive. Additionally, defendant has no standing to raise these arguments in these proceedings. The ordinance is constitutionally sound.

Affirmed but without costs.