Thomas E. Walsh, II, Esq. Assistant County Attorney, Rockland County
You have asked whether a county or local law may regulate the issuance, renewal and revocation of pistol permits to its residents, or, alternatively, establish an advisory committee to make recommendations to the licensing officer concerning a pending application or revocation.
Section 400 of the Penal Law establishes a procedure for the issuance, renewal and revocation of licenses to carry pistols and revolvers. The statutory framework includes eligibility criteria for issuance of licenses and renewals and specifies the classes of licenses to be issued (Penal Law, § 400[1], [2]). The jurisdiction of licensing officers is specified as are the required contents of applications for licenses and renewals (id., § 400[3]). A procedure is established for the investigation, prior to licensure or renewal, of all statements made by the applicant on the application (id., § 400[4]). The grounds and procedure for license revocation are set forth (id., § 400[11]). A review of these and the remaining provisions of section 400 will reveal an extensive State regulation of the licensing process.
It is provided that any license issued under section 400 "shall be valid notwithstanding the provisions of any local law or ordinance" (id.,
§ 400[6]). We believe that in light of the extensive State regulation of the licensing of pistols and revolvers, the nature of the subject matter being regulated, and the lack of any real distinction between any particular locality and other parts of the State regarding the regulated activity, this language should be construed to mean that section 400 is the exclusive procedure for issuance of the licenses authorized by the section (People v DeJesus et al., N Y 2d [decided Dec. 22, 1981];Wholesale Laundry Bd. of Trade v City of New York, 17 A.D.2d 327 [1st Dept, 1962] affd on op below 12 N.Y.2d 998 [1963]; 1974 Op Atty Gen [Inf] 254). The control of firearms to protect life and property is a matter of concern to all localities of the State, and we believe that section 400 of the Penal Law was designed as the exclusive means to regulate licensing on a State-wide basis to protect the public health, safety and welfare. Local regulation of the licensing of pistols and revolvers is precluded except to the extent that it is specifically authorized (see, e.g., id., § 400[14]).
You also ask whether a county may establish an advisory committee to make recommendations to the licensing officer on pending applications. State law establishes the standards for issuance of a license or renewal and provides for an investigation by local police authorities of all statements made by the applicant on the application (id., § 400[1], [4]). The format of the investigation is specified and once completed, the results of the investigation are to be reported to the licensing officer, who then acts on the application (id., § 400[4]). A local requirement interposing an advisory committee to make recommendations to the licensing authority in effect would either divide the responsibility for licensing between the committee and the licensing officer or permit changes in the State standards for issuance of licenses. We think that a local advisory committee would be inconsistent with the State's exercise of its power over the licensing of pistols and revolvers.
We note that local regulations requiring a permit to possess a rifle or shotgun have been upheld (Grimm v City of New York, 56 Misc.2d 525 [Sup Ct, Spec Term, Queens Co, 1968]). In contrast with pistols and revolvers and subject to certain exceptions, State law does not require a license to possess a rifle or shotgun (Penal Law, § 265.01,265.20).
We conclude that section 400 of the Penal Law is the exclusive procedure for the issuance of licenses to possess pistols or revolvers.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.