211 N.J. Super. 49 (1986)
510 A.2d 706
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DONALD HUTSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 19, 1986.
Decided June 9, 1986.
*50 Before PRESSLER, BILDER and GRUCCIO.
John Grele, Assistant Deputy Public Defender, argued the cause for appellant (Thomas S. Smith, Jr., Acting Public Defender, attorney, James K. Smith, Jr., of counsel; James K. Smith, Jr. and John Grele, on the brief).
Greta-Ann Gooden, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General of *51 New Jersey, attorney, Greta-Ann Gooden, of counsel and on the letter-brief).
The opinion of the court was delivered by BILDER, J.A.D.
On this appeal we are asked to consider whether an oral threat to use a gun unaccompanied by the display of any object capable of being believed by the victim to be a deadly weapon is sufficient to support a conviction of armed robbery.
Following a jury trial defendant was convicted of armed robbery, N.J.S.A. 2C:15-1, and illegal possession of diazepam, N.J.S.A. 24:21-20. His conviction arose out of an incident in which a taxi driver contended that defendant, while a passenger, had demanded money and threatened the use of a gun. Originally there were two passengers; when the driver sought aid, the other passenger fled.
From the testimony of the victim, the jury could well have concluded that the passengers demanded money and that one of them said he had a gun. The threat was repeated with the additional statement the gun was a magnum, an assertion that made the driver take the threat seriously. The driver turned around and saw one of the men holding a newspaper. He believed the paper concealed a gun. This was the totality of the evidence with respect to the armed portion of the robbery charge. The trial judge believed it was enough.
I do indicate that the term "deadly weapon," the definition was amended in 1981, I believe, and deadly weapon says any firearm or other weapon, device, instrument, material, or substance, whether that be a weapon or not, and it goes on to say in the latter portion of that, which is consistent with the amendment, or in which the manner it is fashioned, would lead the victim reasonably to believe it to be capable of producing death or serious bodily injury.
Now, the victim here has indicated that he was threatened, somebody mentioned a Magnum, somebody mentioned a gun. That they demanded his money. That he thought they meant business; that as a result of that he moved at a high rate of speed in his feeling they would not shoot at him if he were driving at a high rate of speed and endangering them.
He indicated he saw a person with a newspaper. He clearly indicated to the Court, I believe, that he thought a weapon was involved. What the Court has *52 to determine, and it doesn't have to be a weapon, it can be a material or substance which is fashioned in a manner that the victim would believe there was a weapon capable of producing death or serious bodily injury. I think he testified to that fact.
... I think those facts clearly raise an issue that the jury will have to determine as to whether or not in fact this would constitute a first degree robbery in the event they find a robbery at all.
Before trial, on a motion to dismiss the armed robbery charge, the trial judge had said:
He doesn't have to see [a weapon], ... if he believes there was a weapon involved. That's my understanding of the law. The subjective test on his part is whether he believed that he had a weapon. I will certainly charge second degree with first degree. I always do in a situation like this. It depends on how the proofs come out and I will be glad to entertain any motion you have later on.
To be convicted of armed robbery, it must be found that the defendant was "armed with, or use[d] or threaten[ed] the immediate use of a deadly weapon." N.J.S.A. 2C:15-1b. However, threat alone is not enough; there must be actual possession of a deadly weapon. See State v. Butler, 89 N.J. 220, 228-229 (1982).
When the Supreme Court rejected a simulated weapon as the basis for an armed robbery conviction, ibid., the legislature had already broadened the definition of "deadly weapon" to include intrinsically harmless objects which could be understood to be dangerous.[1]
"Deadly weapon" means any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used, is known to be capable of producing death or serious bodily injury or which in the manner it is fashioned would lead the victim reasonably to believe it to be capable of producing death or serious *53 bodily injury. N.J.S.A. 2C:11-1c. [The language added by the 1981 amendment, L. 1981, c. 384, § 1, is underlined.]
The subjective belief of the victim became relevant. See State v. Bill, 194 N.J. Super. 192, 197 (App.Div. 1984). However, the objective criteria were not eliminated; they were added to. Thus, if an object is subjectively understood to be a dangerous weapon, it takes on the believed characteristics. But the plain language of the statute makes clear that there must be some object upon which the victim bases his or her belief, some tangible object which the victim believes to be a deadly weapon.
In the instant case no such object was displayed; no such object existed. The driver's belief that a gun was under the newspaper neither converted the paper into a weapon nor eliminated the need for the existence of some object. Construing the criminal statute narrowly, as we must, we find error in the trial judge's conclusion that a victim's subjective belief is enough to satisfy a showing of a deadly weapon. Had the Legislature intended a solely subjective standard, it could easily have said so. See, e.g., N.J.S.A. 2C:14-2a(4) where aggravated sexual assault exists in the presence of "threat[s] by word or gesture to use [a] weapon or object." The conviction of armed robbery must therefore be vacated and the verdict molded into a conviction of second degree robbery.
Defendant's remaining contention is without merit. The admission of a prior conviction for impeachment purposes is a matter that rests within the sound discretion of the trial judge. See State v. Sands, 76 N.J. 127, 144 (1978). We cannot say his determination was an abuse of that discretion. See State v. Carter, 91 N.J. 86, 106 (1982).
The judgment of conviction for armed robbery is vacated and the matter remanded for correction of the judgment of conviction to show conviction of second degree robbery and for resentencing.
NOTES
[1] "[The amendment] would broaden the definition of the term `deadly weapon' to include objects such as toy guns which, because of the way in which they are fashioned, would lead a victim reasonably to believe that the object is capable of producing death or serious bodily injury." Assembly Judiciary, Law, Public Safety and Defense Committee Statement to Senate Bill 1511 (1981).