**STATE of Missouri, Respondent,**

v.

**Charles E. McCRACKEN, Appellant.**

**Charles E. McCRACKEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 43628, WD 44648.**

Missouri Court of Appeals,
Western District.

April 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

KENNEDY, Judge.

Defendant was convicted upon a jury trial of first degree robbery, § 569.020, RSMo.1986, and was sentenced to 20 years' imprisonment as a persistent offender.

He filed a Rule 29.15 motion for post conviction relief, alleging ineffectiveness of trial counsel. The court denied the same after an evidentiary hearing.

Defendant appeals from the judgment of conviction, and from the denial of his Rule 29.15 motion.

■ Defendant, for his single point on appeal from the conviction, says the evidence did not support the charge in the information nor the submission that defendant in the robbery "displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument." Section 569.020.1(4), RSMo 1986. We hold, however, that the evidence did support this charge and submission.

Defendant was one of two men who entered the accounting office of the Americana Hotel in Kansas City on June 23, 1989, forced three Americana employees to lie on the floor as the two men took $12,210 from the safe and fled with it. Defendant did not display a weapon, but one witness said there was a bulge in his pocket were he had his hand, larger than a bulge from the hand itself. Another said there was "something protruding out of his coat where his hand was stuck." Defendant required the three Americana employees to lie on the floor and to keep their heads down "or there would be a killing." The threat of "a killing" was made twice.

The foregoing evidence was sufficient to prove that defendant "displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument." It was not necessary that the victims actually see a weapon, if they reasonably, on the basis of appearances, thought there was a "deadly weapon or dangerous instrument." Evidence that defendant's hand was in his pocket, that he threatened "a killing", and that there was a bulge in his pocket which in the circumstances could reasonably be believed to be a gun, was

sufficient to support the conviction. *State v. Logan,* 809 S.W.2d 135, 137 (Mo.App. 1991); *State v. Archer,* 814 S.W.2d 315, 317 (Mo.App.1991).

■ Defendant says the court erred in denying his Rule 29.15 motion for post conviction relief. He says the evidence showed trial counsel was ineffective in failing to interview, at defendant's request, as a prospective witness in defendant's behalf, a named Americana employee who was a suspect in the robbery. There is no evidence, though, what such prospective witness would have said if interviewed or would have testified to if called as a witness. Without a showing of prejudice to defendant, trial counsel's alleged dereliction entitles defendant to no relief under Rule 29.15. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Smith v. State,* 684 S.W.2d 520, 523 (Mo.App.1984).

Conviction affirmed, and denial of Rule 29.15 motion affirmed.

All concur.