# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JULIO ENRIQUE MERCADO,

        Defendant-Appellant.

UNPUBLISHED
October 28, 2014

No. 316152
Kent Circuit Court
LC No. 12-008826-FC

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right from his convictions by a jury of two counts of armed robbery, MCL 750.529; conspiracy to commit armed robbery, MCL 750.157a; MCL 750.529; assault with intent to rob while armed, MCL 750.89; and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court, applying a third-offense habitual offender enhancement under MCL 769.11, sentenced him to two years' imprisonment for the felony-firearm conviction and to 25 to 50 years' imprisonment for each of the remaining convictions. We affirm.

Defendant and three males approached Wilmar Lima-Pelaez and Xavier Pagan while they were walking down Division Street in Grand Rapids. Defendant pointed a gun at Lima-Pelaez and demanded that he hand over money. Lima-Pelaez removed $100 from his wallet, and defendant took the money. While defendant was taking Lima-Pelaez's money, the other three males were attacking Pagan. Miguel Aguilar-Jimenez, a friend of Lima-Pelaez and Pagan, walked up to the scene and saw defendant and the other males demanding money from Pagan. Defendant threatened to kill Lima-Pelaez if Aguilar-Jimenez and Pagan refused to give him more money. Defendant pointed his gun at Aguilar-Jimenez, and Aguilar-Jimenez handed his wallet to defendant, who took $20. Defendant dropped his gun, and the three other males ran after the gun. Defendant recovered the gun and pistol-whipped Aguilar-Jimenez. Defendant and the other males thereafter ran away from the scene.

Defendant first argues that the prosecutor presented insufficient evidence to support his conviction of conspiracy to commit armed robbery. In examining this issue, we review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009). "'Any person who

-1-

conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner is guilty of the crime of conspiracy . . . .'" *People v Mass*, 464 Mich 615, 629; 628 NW2d 540 (2001), quoting MCL 750.157a. The prosecutor must prove that the conspirators' intended future conduct included "all the elements of the substantive crime." *Mass*, 464 Mich 629 n 19 (internal quotation marks and citation omitted). In order to establish the elements of armed robbery, a prosecutor must prove that

> (1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [*People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007).]

Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have concluded beyond a reasonable doubt that defendant and the other three males conspired to commit armed robbery. The evidence established that defendant and the three males approached Lima-Pelaez and Pagan together. Defendant demanded money from Lima-Pelaez, and when Lima-Pelaez refused, defendant pulled out a gun. While defendant took money at gunpoint from Lima-Pelaez, the other codefendants occupied Pagan by beating him. When Aguilar-Jimenez arrived, he saw defendant and the other three males demanding money from Pagan. Aguilar-Jimenez was robbed at gunpoint. After defendant dropped his gun into the street, his codefendants all went after it. After the attack, defendant and the three males all fled the scene. The circumstances, acts, and conduct of defendant and his codefendants establish that they agreed to commit an armed robbery. Circumstantial evidence together with reasonable inferences, *People v Jolly*, 442 Mich 458, 466; 502 NW2d 177 (1993), lead to conclusions that defendant and his codefendants agreed to target the victims, approach the victims together in an intimidating manner, and employ force, violence, and threats of injury by a dangerous weapon to accomplish their criminal objective, armed robbery. Thus, viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have concluded beyond a reasonable doubt that defendant conspired to commit armed robbery. *Chambers*, 277 Mich App at 7.

Defendant next argues that hearsay evidence was improperly admitted at trial and that this denied him a fair trial and violated his rights under the Confrontation Clause. Defendant's hearsay argument is properly preserved because defendant objected, on hearsay grounds, to admission of the evidence at trial. MRE 103. Defendant's Confrontation Clause argument is not properly preserved because it was not raised in the trial court. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). We review unpreserved issues for plain error affecting substantial rights. *Id*. Hearsay "is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). "The Confrontation Clause of the Sixth Amendment bars the admission of 'testimonial' statements of a witness who did not appear at trial, unless the witness was unavailable to testify and the defendant had a prior opportunity to cross-examine the witness." *People v Walker*, 273 Mich App 56, 60-61; 728 NW2d 902 (2006). Even if Pagan's out-of-court statement identifying defendant was hearsay and improperly admitted at trial, defendant cannot show "that it is more

probable than not that the [evidentiary] error was outcome determinative." *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999). Defendant also cannot show that any Confrontation Clause violation affected his substantial rights. *Carines*, 460 Mich at 763. Independent of Pagan's statement identifying defendant, there was overwhelming evidence that defendant was the one who committed the robbery. Both Lima-Pelaez and Aguilar-Jimenez testified that defendant was the robber and a police officer testified that they identified defendant as the robber. Also, one of defendant's codefendants testified that defendant robbed Lima-Pelaez, Aguilar-Jimenez, and Pagan at gunpoint. The alleged hearsay statement related to Pagan's identification was cumulative. *People v Gursky*, 486 Mich 596, 623; 786 NW2d 579 (2010).

The officer in question testified that "they" identified defendant. To the extent the "they" encompassed bystander Rumaldo Pablo Reynoso, who failed to identify defendant *at trial*, no error occurred because Reynoso testified at trial and was subject to cross-examination. See MRE 801(d)(1)(C); see also *People v Malone*, 445 Mich 369, 377; 518 NW2d 418 (1994) (allowance of "statements of identification are not limited by whether the out-of-court declaration is denied or affirmed at trial").

Defendant next argues that the trial court erred in scoring offense variable (OV) 13 at 25 points. "'Offense variable 13 is continuing pattern of criminal behavior.'" *People v Gibbs*, 299 Mich App 473, 487; 830 NW2d 821 (2013), quoting MCL 777.43(1). "The sentencing court must assess 25 points if '[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person[.]'" *Gibbs*, 299 Mich App at 487, quoting MCL 777.43(1)(c). Defendant was convicted of two counts of armed robbery, MCL 750.529, and one count of assault with intent to rob while armed, MCL 750.89. Armed robbery and assault with intent to rob while armed are classified as crimes against a person. MCL 777.16d; MCL 777.16y. Thus, defendant committed three crimes against a person. Moreover, like in *Gibbs*, "while the robberies [and assault with intent to rob while armed] arose out of a single criminal episode, [defendant] committed three separate acts against each of the three victims and these three distinct crimes constituted a pattern of criminal activity." *Gibbs*, 299 Mich App at 487. Thus, defendant's three convictions were "part of a pattern of felonious criminal activity involving 3 or more crimes against a person[.]" MCL 777.43(1)(c). The trial court did not err in scoring OV 13.

In a standard 4 brief, defendant argues that he was denied effective assistance of counsel. With regard to ineffective assistance of counsel, a defendant bears a "heavy burden" to justify reversal. *People v Carbin*, 463 Mich 590, 599; 623 NW2d 884 (2001). First, the defendant must show that "counsel's performance fell below an objective standard of reasonableness . . . ." *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). Second, "the defendant must show that the deficient performance prejudiced the defense," and "[t]o demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Carbin*, 463 Mich at 600 (internal quotation marks and citation omitted).

Defendant first argues that defense counsel was ineffective for failing to move to suppress or object to any in-court identification of defendant that resulted from the on-scene show-up, which defendant claims was impermissibly suggestive. After considering the totality of the circumstances, we find that defendant's on-scene identification was not "so impermissibly

suggestive as to have led to a substantial likelihood of misidentification." *People v Colon*, 233 Mich App 295, 304; 591 NW2d 692 (1998). Defendant approached both Lima-Pelaez and Aguilar-Jimenez when it was still light out and defendant pointed his gun at Lima-Pelaez and Aguilar-Jimenez, giving them sufficient opportunity to view defendant at the time of the crime. A police officer testified that the witnesses were "adamant" in identifying defendant, and the show-up occurred the same day as the incident. In addition, Lima-Pelaez recognized defendant from previously seeing him hanging out at the 31 Andre Street address, aiding his identification of defendant as the man with the gun. Both Lima-Pelaez and Aguilar-Jimenez also noticed that defendant had changed his shirt after entering the house at 31 Andre Street following the crime; this detail enhanced the fact that their identification was based on something other than clothing. Because the on-scene show up was not impermissibly suggestive, defense counsel was not objectively unreasonable. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant next argues that defense counsel was ineffective for failing to present an expert regarding eyewitness identification. We find that defense counsel's failure to introduce an expert witness regarding identification was not objectively unreasonable because counsel sufficiently raised the issue of identification at trial. *People v Cooper*, 236 Mich App 643, 658; 601 NW2d 409 (1999). Defendant has not overcome the presumption of sound trial strategy. *Id*. Defendant finally argues that defense counsel was ineffective for failing to call two alibi witnesses. Defendant, however, has failed to establish a reasonable probability that "but for counsel's error, the result of the proceeding would have been different," *Carbin*, 463 Mich at 600, because nothing in the record supports defendant's assertion that the witnesses would have testified favorably at trial. We also deny defendant's request for an evidentiary hearing because defendant's request was not made in a timely motion, MCR 7.211(A) and (C)(1), and because defendant does not support his request "by affidavit or offer of proof regarding the facts to be established at a hearing," MCR 7.211(C)(1).

Affirmed.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan